IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TANISIA BOWMAN and TONI MILLER on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 22 CV 2785 |
| v. | ) ) | |
| CHICAGO HOUSING AUTHORITY, an Illinois municipal corporation, | ) ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| Defendant. | ) ) | |

**<u>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

This cause comes before the Court upon Plaintiffs' motion for final approval of the Class Action Settlement Agreement between Plaintiffs Tanisia Bowman and Toni Miller and Defendant Chicago Housing Authority in the above-captioned case.

The Court has reviewed plaintiffs' motion and the exhibits attached thereto. On January 10, 2025, the Court held a public hearing on the fairness of the Settlement Agreement, where the Court found the Settlement Agreement was fair, reasonable, and adequate, and therefore,

**IT IS ORDERED THAT**:

1. Solely for the purposes of settlement, the Court finds that the requirements of Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure have been met as to the Settlement Class.

2. Pursuant to Federal Rule of Civil Procedure 23, the following class is certified for settlement purposes only:

>All current and former residents of CHA owned, operated, or controlled public housing units who received a utility allowance at any time between April 1, 2021, and December 31, 2023.

3. The Court finds that the settlement administrator, Apex Class Action LLC, has met all requirements that the Court set forth in its Order Preliminarily Approving the Settlement, including dissemination of the Class Notice. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(c) and Rule 23(e) of the Federal Rules of Civil Procedure, and the Due Process Clause of the United States Constitution.

4. The Court determines the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter. Specifically, the Court finds that:

> a. The Settlement Agreement reasonably takes into account the strength of plaintiffs' case compared to the amount of defendant's settlement offer;
>
> b. The Settlement Agreement allows the parties to avoid litigation that would likely be complex, lengthy, and expensive;
>
> c. The Settlement Agreement enjoys support from the majority of class members;
>
> d. The Settlement Agreement is supported by the opinion of experienced counsel for plaintiffs and defendant;
>
> e. The Settlement Agreement is supported by the stage of litigation as the parties completed significant discovery, allowing them to

adequately evaluate the reasonableness of the agreement and reach an informed decision.

5. The Court directs defendant to pay Class Counsel a total sum of $275,000. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than fourteen (14) days after the Effective Date, as defined in the Settlement Agreement.

6. The Court directs payment in the amount $2,000 in rent credits and $3,000 in incentive awards to each of the Named Plaintiffs. The Court finds that this award is reasonable to compensate the Named Plaintiffs for the assistance they provided to Class Counsel in this litigation. These payments shall occur at the same time the Named Plaintiffs receive any settlement awards to which they are entitled.

7. The Court directs defendant to pay Apex for the reasonable cost of the work that it has performed and will perform as Settlement Administrator.

8. The Court directs defendant to issue settlement checks and rent credits to all Class Members who did not timely opt out of the Settlement, as contemplated by the Settlement Agreement, no later than fourteen (14) days after the Effective Date, as defined in the Settlement Agreement.

9. The Court hereby dismisses with prejudice this case against defendant. All Class Members, other than the eight individuals who submitted opt-out notices, herein release and forever discharge defendant and the other released parties from

claims outlined and described in Section IV.2. of the Settlement Agreement. The eight opt-outs preserve their right to bring claims in a separate proceeding.

**SO ORDERED.**

**Date: 1/10/25**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**